ETHEL A. STEWART, Plaintiff, *v.* JOHN A. STEWART, THIRD, Defendant.*

Supreme Court, New York County, December 11, 1931.

*Blake & Voorhees* [*Edward I. Devlin, Jr.*, of counsel], for the plaintiff.

*H. Preston Coursen*, for the defendant.

CHURCHILL, J. The apparent difficulty of this case is caused by the discussion by both sides of matters which relate to the public policy of a State with reference to the marital status of its citizens. This case has nothing to do with such questions. It is an action to collect payments upon a separation agreement. The portion of that agreement which must be construed here is that the payments are to cease if " in case of a divorce his [defendant's] wife [plaintiff] shall marry again." Neither party ever had a matrimonial domicile in this State. Our policy is, therefore, not involved. The State of matrimonial domicile of the parties here was New Jersey, where also they were married. Plaintiff became a resident of Nevada after the separation and complied with all the requisites for securing a divorce from defendant and obtained a decree upon constructive service. That decree was valid in Nevada. We have no public

* Affd., 236 App. Div. 664.

policy about it at all as it does not involve our citizens. Later, the plaintiff married one Brown in Nevada, where the marriage was valid. We have no public policy about that marriage. Later, the State of New Jersey refused to recognize the Nevada decree. The State of New Jersey had a public policy about the Nevada divorce and marriage. But the New Jersey decree merely adjudged that within the boundaries of New Jersey, by reason of its public policy, the Nevada divorce and marriage are invalid. There is no conflict in the decisions in the two States. In Nevada the divorce is valid. In New Jersey it is not. Neither State endeavors to impose its law on the other. It is not necessary for this State to decide whether the Nevada divorce and marriage are valid here. I construe the words of the agreement to mean " in case of a divorce valid where made, not in conflict with the public policy of the state construing the agreement," and " his said wife shall remarry by a marriage valid where made and not in conflict with the public policy of the state construing the agreement." Later California refused to recognize the Nevada divorce and marriage. California had a public policy concerning them. Brown was at all relevant times a citizen of California and the matrimonial domicile of Brown and plaintiff was California, as they went there immediately after the marriage and continued their residence there until they separated. That decree also has no extra-territorial effect as to these parties. I call attention to the fact that ever since the defendant discovered the Nevada marriage, both parties here have construed the contract as above. The anomaly of one State recognizing a divorce and subsequent marriage, another State repudiating them, and another State declining to take any interest in them is present in this case, because that is the state of the law in this country as to matrimonial status arising from divorces granted on constructive service by States which were never the matrimonial domicile. The wife, it seems to me, has performed the acts which by the terms of the agreement terminated the defendant's liability. Verdict directed on the stipulation for defendant against plaintiff, with costs. Exception to plaintiff. Motion by plaintiff for dismissal on the counterclaim is denied. Exception. Motion by the defendant for judgment on the counterclaim granted. Thirty days' stay of execution after notice of entry of judgment. Sixty days to make a case.